In a suit for a legacy, brought by Brooks and wife against Richard McRae and Daniel Eppes executors of John Mc-Rae jr. who was executor of John McRae senr. Chancellor Taylor made a decree as follows:—
‘‘The defendants Richard McRae and Daniel Eppes admitting that their testator John McRae jr. had, in his lifetime, in his hands, more assets of his testator John McRae the elder deceased than would be sufficient to pay his debts and legacies, and that a sufficiency thereof came to their hands for that purpose since the death of their testator, the Court thereupon, (not requiring a report of a Commissioner,) doth adjudge, order and decree, that the said defendants do, out of the said assets, pay to the plaintiffs the sum of 10611. 13. 4. with interest on 8851. 15. 6. part hereof from the 7th day of January 1814 *670 till paid, and the costs of this suit, if so much thereof they have; if not, that, then, out of their own estates, they pay the same.”
The defendants obtained a Writ of Super-sedeas from a Judge of this Court, stating three reasons in their Petition. • viz: *1. Because the decree was. that they should pay to the plaintiffs the sum in question, out of the assets of their testator, if so much thereof they had, if not, then out of their own estates; whereas, they were advised, it ought certainly to have been either a decree de bonis tes-tatoris, or a decree de bonis propriis; and that the alternative decree rendered in this case, partaking of both characters, but properly belonging to neither, was uncertain and erroneous.
2. Because, altho’, where an account of an executor’s administration is directed and taken in chancery, and it shews a balance in money due on his administration account from the executor to his testator’s estate, it is proper to decree to the plaintiff his demand against the executor de bonis propriis (according to the resolution of the Court of Appeals in Moore’s executrix v. Perguson, 2 Munf. 421, and in Sheppard’s executor v. Stark and wife, 3 Munf. 29,) yet, where, (as in this case,) the Court proceeds to decree upon a general admission of the executors, that more assets have come to their hands than sufficient to pay debts and legacies, without any shewing in the case that such assets consist of money, — in such case, the decree ought to be de bonis testatoris: — since the assets confessed to be in the executor’s hands, may be choses in action, or other assets which are not immediately at command, instead of money, whereof the decree in this case supposes the assets confessed must necessarily be taken to consist; and an executor’s own estate and person ought not to be subjected to satisfy a debt or legacy of his testator, unless it distinctly appear that he has a balance of money, of his testator’s estate, in his hands to meet the claim; which does not appear in this case.
3. Because the said decree contained no order or provision for obliging the plaintiffs to refund, in case of debts afterwards appearing against the estate.
The following was the decree of this Court:
The Decree is erroneous in this, that bond and security was not required, from the appellees respectively, to refund a part, or the whole of their legacies, if future claims should make it necessary.— The same is therefore ^reversed, and the cause remanded with a direction that, in the decree to be entered, such bond and security be required.